# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

TYRECE FLEMING,

    Plaintiff,

v.                                                                            Case No. 5:20-cv-72-TKW/MJF

T. JOHNSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders and failure to prosecute.[1]

## I. BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983. After conducting an initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the undersigned directed Plaintiff to submit a service copy of his amended complaint or to submit payment to the clerk of the court in the

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

amount of $6.00 for the cost of copying. The undersigned provided Plaintiff until November 20, 2020, to comply.

On November 6, 2020, Plaintiff filed a "response to court order." (Doc. 15). In the response, Plaintiff stated that he could not comply because his legal materials had been taken by FDC officials and he was utilizing the grievance procedure to obtain his documents. (*Id.*). He indicated that FDC officials had not "responded" to his grievances.[2] Recognizing that retrieval of Plaintiff's legal documents through the prison's grievance procedure would delay Plaintiff compliance with the undersigned's order, the court *sua sponte* granted Plaintiff until January 4, 2021 to comply with the order. (Doc. 16).

On December 31, 2020, Plaintiff filed a "notice of inquiry." (Doc. 17). The undersigned advised Plaintiff that he had two options: (1) Plaintiff could voluntarily dismiss his case, but that this would not result in the cancellation of his lien; or (2) he could file a notice that he was unable to obtain his grievances and explain what steps he took to obtain his legal materials. (Doc. 18). Plaintiff did neither. Rather, he filed a letter on January 22, 2021, stating that he did not understand the law, had been mistreated by prison officials, and that the undersigned had not ruled on his motions to appoint counsel. (Doc. 19).

---

[2] Plaintiff did not state when his legal materials were taken, when he filed the grievances, or any other relevant information.

Accordingly, the undersigned ordered Plaintiff to show cause for his failure to comply with the undersigned's directive to state the actions Plaintiff had taken to grieve the alleged theft of his legal materials. (Doc. 20). Additionally, the undersigned directed Plaintiff to file a notice of voluntary dismissal if he no longer desired to proceed with the action or send a notice clarifying whether he wished to proceed and explain what steps he took to obtain his legal materials. The undersigned provided Plaintiff until March 4, 2021, to comply. As of the date of this report and recommendation, Plaintiff has neither complied with the undersigned's orders nor shown good cause for his failure.

## II. Discussion

The undersigned recommends that the District Court dismiss this action because Plaintiff has failed to comply with two court orders and has failed to prosecute this lawsuit.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017);

*Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On October, 10, 2020, the undersigned directed Plaintiff to submit a service copy of his second amended complaint or submit payment of $6.00 to the clerk of the court for the cost of copying. The undersigned imposed a deadline of November 20, 2020, to comply. Thus, Plaintiff has failed to comply with that order since November 20, 2020.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with two court orders:

      a.      the order issued on October 10, 2020; and

      b.      the order issued on February 2, 2021.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Plaintiff three times that a failure to comply with the respective orders likely would result in dismissal. (Docs. 14, 18, 20). Despite these warnings, Plaintiff has not complied with the undersigned's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Plaintiff could refile his claim should he choose to pursue it in the future. Thus, dismissal without prejudice likely would not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is

important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7)  The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, Plaintiff likely would ignore future orders directing Plaintiff to comply. Additionally, because Plaintiff is proceeding *pro se* and *in forma pauperis*, imposition of a fine likely would not motivate Plaintiff to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This civil action be **DISMISSED** without prejudice for Plaintiff's failure to comply with two court orders and failure to prosecute.

2. The clerk of the court be directed to close the case file.

At Pensacola, Florida, this <u>6th</u> day of April, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3- 1; 28 U.S.C. § 636**.